IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHELSEA L. DAVIS,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civ. No.15-341-SLR
                                       )
MCKOOL SMITH P.C., et al.,             )
                                       )
            Defendants.                )

## MEMORANDUM

1. **Introduction.** Plaintiff Chelsea L. Davis ("plaintiff") proceeds pro se and has

paid the filing fee. Her complaint indicates that she resides in Delaware, but she

provides an address in Dallas, Texas as her address of record. Plaintiff is a licensed

attorney in the State of Texas.[1] This action is one of many that plaintiff has filed

targeting defendant McKool Smith P.C. ("McKool Smith") and other individuals for

tortious conduct she alleges occurred during and after her time as an employee at

McKool Smith. The complaint includes federal and supplemental state claims including,

but not limited to, sexual assault, human trafficking, Title VII claims of sexual

harassment and discrimination, violations of the Fair Labor Standards Act and Equal

Pay Act, and disability discrimination. The complaint states that "jurisdiction of this court

---

[1] On May 14, 2015, the Board of Disciplinary Appeals, an adjudicatory body appointed
by the Supreme Court of Texas to hear certain attorney discipline cases, signed a
judgment of indefinite disability suspension against plaintiff. *See* http://www.txboda.
org/cases/re-chelsea-l-davis (May 14, 2015).

may or may not arise under 28 U.S.C. §§ 1331-1337, 1343(a), 1367(a); 42 U.S.C. §§ 1983, 1986 1988; and/or 18 U.S.C. §§ 1961-1968." (D.I. 1)

2. **Vexatious Litigant**. Plaintiff filed suit against McKool Smith in the 298th Judicial District Court for Dallas County, Texas, raising claims arising from her employment with McKool Smith, and the claims were dismissed with prejudice on December 27, 2013. (*See* D.I. 3, ex. 1, *Davis v. McKool Smith, P.C.*, Cause No. DC-13-14215). The dismissal included the imposition of sanctions against plaintiff. The court stated that plaintiff's "abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders." (*Id.*) Prior to dismissal of the case in the 298th Judicial District, plaintiff was declared a vexatious litigant by the 429th Judicial District Court for Collin County, Texas. (*See* D.I. 3, ex. 10, *Davis v. Limoland USA Corp.*, Cause No. 429-03552-2014). Therein, plaintiff was prohibited from filing, pro se, a new litigation in any court in Texas without permission of the appropriate local administrative judge in accordance with § 11.102 of the Texas Civil Practice and Remedies Code. (*Id.*).

3. Plaintiff then attempted to litigate in the federal district courts of the Northern District of Texas by filing at least nine law suits alleging the same set of claims and facts as those previously dismissed by the state court.[2] On February 19, 2014, an order was

---

[2] *See e.g.*, *Davis v. McKool Smith*, Civ. No. 13-4926-N (N.D. Tex., removed Dec. 18, 2013; *Davis v. Ackman*, Civ. No. 13-4973-N (N.D. Tex., filed Dec. 20, 2013); *Davis v. McKool Smith*, Civ. No. 14-056-N (N.D. Tex., filed Jan. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14-3962-N (N.D. Tex., filed Nov. 7, 2014); *Davis v. Ware*, Civ. No. 14-XC-3963-

entered in the United States District Court for the Northern District of Texas, Dallas

Division ("Texas N.D. Court"), recounting in detail plaintiff's history of vexatious and

abusive litigation. *See Davis v. McKool Smith*, Civ. No. 14-3975-N-BK at D.I. 66. The

Texas N.D. Court enjoined plaintiff from filing or removing to its court: (1) any case

based in part or in whole in part on events before the date of its order against any one

or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates;

GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William

C. Carmody; James S. Chanos; McKool Smith; Clint D. Carlson; J. Kyle Bass; Chad

Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos

R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC;

Southern Methodist University; Southern Methodist University Dedman School of Law;

John Attanasio; unless represented by a licensed attorney other than herself, or with

leave of court; and (2) any action arising from her employment at McKool Smith,

including but not limited to claims for sex discrimination; disability discrimination; racial

discrimination; medical leave; wages and overtime; wage discrimination; conspiracy;

false imprisonment; quantum meruit and unjust enrichment; assault and battery;

wrongful termination; breach of contract; intentional infliction of emotional distress; fraud

and promissory estoppel; negligent hiring, supervision, and retention; gross negligence;

personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights;

sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation

---

K (N.D. Tex., filed Nov. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14--3975-N (N.D. Tex., filed Nov. 10, 2014); *Davis v. McKool Smith*, Civ. No. 14-4190-N (N.D. Tex., filed Nov. 24, 2014).

of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed

attorney other than herself, or with leave of court.[3] The order also revoked plaintiff's

electronic filing privileges for all of her accounts due to abuse of her electronic filing

privileges. Plaintiff was warned that further abuse of the judicial system would result in

progressively harsh sanctions including, but not limited to, a bar on all filings in the

Texas N.D. Court without first obtaining leave of court and monetary sanctions.

4. Similarly, on April 23, 2015, an order was filed in the United States District

Court for the Eastern District of Texas, Sherman Division ("Texas E.D. Court"), that also

recounted in detail plaintiff's history of vexatious and abusive litigation. See *Davis v.

Supreme Court of Texas*, Civ. No. 15-082-ALM-CMC at D.I. 15 (E.D. Tex.). The Texas

E.D. Court found plaintiff's continued attempts to litigate the same claims vexatious and

designed solely to harass and embarrass defendants. The Texas E.D. Court enjoined

plaintiff from filing in or removing to its court, without leave of court: (1) any case based

in whole or in part on events before the date of its order and against any one or more of

the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP

Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C.

Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad

Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos

R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC;

Southern Methodist University; Southern Methodist University Dedman School of Law;

Supreme Court of Texas; or John Attanasio; unless represented by a licensed attorney

---

[3] Plaintiff named many of the same defendants and raises many of the same claims in
the instant action.

other than herself; and (2) any action arising from her employment at McKool Smith, including but limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592; unless represented by a licensed attorney other than herself. Plaintiff was again warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not limited to, a bar on all filings in the Texas E.D. Court without first obtaining leave of court and monetary sanctions.

5. **Discussion**. Approximately one week after plaintiff was enjoined from filing in the Texas E.D. Court, she filed the instant action in this court. Following a review of the orders entered in the numerous cases filed by plaintiff in the Texas courts, it is obvious the instant complaint contains similar allegations and are raised against many of the same defendants as in prior actions initiated by plaintiff. Two federal courts have enjoined plaintiff from repeatedly pursuing these claims.

6. The instant complaint is filed by a plaintiff who alleges she resides in Delaware (but provides the court with a Texas address) against numerous defendants,

most of whom are citizens of the State of Texas.[4]  Plaintiff attempts to vest venue in this

court by alleging that defendant: (1) Baker Botts LLP does business in Delaware by

litigating on behalf of various clients in Delaware courts;

(2) Asarco LLP is a Delaware corporation; and (3) Crow Holdings Capital Partners LLP

is a Delaware company.  The complaint alleges that venue is proper because at least

one named defendant is a Delaware corporation and venue may be mandatory here.

(D.I. 1 at 14)  As noted, the complaint contains numerous claims, including a Title VII

claim for employment discrimination/harassment pursuant to 42 U.S.C. § 2000e-2(a).

(*Id.* at 72)

7. **Venue**.  Section 2000e-5(f)(3) provides that a Title VII action may be brought

in:  (1) any judicial district in the State in which the unlawful employment practice is

alleged to have been committed; (2) the judicial district in which the employment

records relevant to such practice are maintained and administered; or (3) the judicial

district in which the aggrieved person would have worked but for the alleged unlawful

employment practice, but if the respondent is not found within any such district, such an

action may be brought within the judicial district in which the respondent has his

principal office.  42 U.S.C. § 2000e-5(f)(3).  Courts have determined that, for Title VII

claims, Congress intended to "limit venue to the judicial district concerned with the

alleged discrimination." *Stebbins v. State Farm Mut. Auto Ins., Co.*, 413 F.2d 1100,

---

[4] It does not appear this court has jurisdiction by reason of diversity of citizenship of the parties given plaintiff's allegations that she currently resides in Delaware and that defendant Asarco LLP is a Delaware corporation.  *See* 28 U.S.C. § 1132 (one element of jurisdiction by reason of diversity requires that the matter in controversy is "between citizens of different States").

1102 (D.C. Cir. 1969). The venue provision is exclusive. *See Thurmon v. Marietta Dada Sys.*, 596 F. Supp. 367, 368 (M.D. Pa. 1984).

8. Here, the alleged unlawful employment practice occurred during plaintiff's employment with McKool Smith in Dallas, Texas; (2) McKool Smith's principal place of business is in Dallas, Texas, and it follows that its business records are located there; (3) plaintiff would have continued to work in Dallas, Texas but for the alleged employment discrimination. Notably, the alleged discrimination did not occur in Delaware, the employment records are not kept in Delaware, and McKool Smith's principal offices are not located in Delaware. Thus, venue is not proper in this court.

9. If a case is filed in the wrong court, § 1406(a) specifically provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer a case pursuant to § 1406(a) either upon motion by the defendant or sua sponte. *See Lafferty v. St. Riel*, 495 F.3d 72, 74–75, 75 n.3 (3d Cir. 2007) (leaving undisturbed the district court's sua sponte transfer of a case pursuant to § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (unpublished) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice."). The court considers the allegations in the complaint, particularly the Title VII claims, and finds the interests of justice favor transferring the action to the Northern District of Texas, Dallas Division, as venue is proper there.

10.  Finally, the court finds that the interests of justice warrant transfer of this case given that it appears to have been filed here in an effort to avoid orders entered in Texas state and federal courts that enjoined plaintiff from filing an action such as this in those courts.  Such flagrant disregard of court orders will not be countenanced.

11.  **Conclusion**.  For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the Northern District of Texas, Dallas Division.  The Clerk of Court will be directed to seal D.I. 3 as it contains subject matter that warrants sealing the motion and its exhibits.  Plaintiff's motion to file electronically will be denied without prejudice to renew.  (D.I. 5)  A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: May 15 , 2015