IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHELSEA L. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-341-SLR |
| | ) |
| MCKOOL SMITH, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Chelsea L. Davis ("plaintiff"), proceeds pro se and has paid the filing fee. This action is one of many that plaintiff has filed targeting defendant McKool Smith P.C. ("McKool Smith") and other individuals for tortious conduct she alleges occurred during and after her time as an employee at McKool Smith. The complaint includes federal and supplemental state claims including, but not limited to, sexual assault, human trafficking, Title VII claims of sexual harassment and discrimination, violations of the Fair Labor Standards Act and Equal Pay Act, and disability discrimination. Before the court is plaintiff's "motion to strike document 3, 3-1 and 3-2; motion in limine; motion to sever document 1 or else notice the confirmation of consolidation of the underlying action into this court's disciplinary action against me; notice of intent to file motion to seal "court records"; opposition and brief in opposition to McKool Smith P.C.'s emergency motion at document 3." (D.I. 22) The court construes the motion as a motion for reconsideration of the court's May 5, 2015 order sealing plaintiff's filings. (D.I. 6)

2. On May 15, 2015 the court entered an order denying plaintiff's motion to file electronically and transferred the case to the United States District Court for the Northern District of Texas, Dallas Division. (See D.I. 21) On May 18, 2015, plaintiff sent an email to the chambers of the undersigned with the instant motion attached to it as an "emergency filing." Plaintiff presented the motion to the court in this manner despite being advised by the office of the Clerk of Court that filings are not accepted by fax or e-mail. Plaintiff is placed on notice that the court will not accept future filings presented to the court by fax or e-mail. Plaintiff is further placed on notice that items submitted to the court in this manner will not be docketed and will not be considered.

3. **Motion for reconsideration**. Plaintiff moves for reconsideration of the court's May 5, 2015 order found at D.I. 6. Plaintiff asks the court to: (1) strike McKool Smith's motion to seal, with exhibits, found at D.I. 3; (2) sever D.I. 1 and require McKool Smith to pay an intervenor fee or file a new action; (3) enter a motion in limine stating that the exhibits to D.I. 3 "do not constitute any court order in any state court action that is binding on this court in this action, any reprimand in any state action that is binding on this court, or any court order or reprimand, sanction, injunction, finding, conclusion or recommendation in this action, in any action, in this case, in any case, or paper otherwise binding on this court," should the court not strike D.I. 3 and its exhibits; and (4) "notice the consolidation in error of plaintiff's complaint at D.I. 1 with a disciplinary matter against plaintiff as an attorney," should the court not strike D.I. 3 or otherwise limits the motion and its exhibits. (D.I. 22) Plaintiff seeks this relief "only to the extent that the case is not transferred to the United States District Court for the Northern District of Texas and thereby dissolved as if it were never filed such that this court

2

immediately owes [plaintiff] a refund of the filing fee because it never filed [her] case and any 'order' allegedly entered [by this court] is full of falsities and void." (D.I. 22, ¶ G) The court will deny the motion.

4. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Having reviewed plaintiff's motion, the court finds that she has failed to demonstrate any grounds to warrant reconsideration of the court's May 5, 2015 order granting the motion to seal. Nor does the court find it appropriate to grant the other relief requested by plaintiff.

5. The court notes that plaintiff has a propensity to file motions that raise issues previously ruled upon by other courts. Plaintiff is placed on notice that the court will docket, but not consider, filings that raise the same or similar issues that have previously been considered.

6. **Conclusion.** For the above reasons, the court will deny plaintiff's motion. (D.I. 22). A separate order shall issue.

Dated: May 19, 2015

UNITED STATES DISTRICT JUDGE

3